Cause No. B178-976

| | | |
|---|---|---|
| THOMAS MICHAEL POUCH | § § | IN THE DISTRICT COURT |
| AND SHARI POUCH | | |
| | § | |
| v. | § § | 60TH JUDICIAL DISTRICT |
| | § | |
| BAUSCH & LOMB, INC., ET AL | § | JEFFERSON COUNTY, TEXAS |

## ORIGINAL ANSWER OF BAUSCH & LOMB INCORPORATED

### TO THE HONORABLE JUDGE OF SAID COURT:

Defendant BAUSCH & LOMB INCORPORATED ("Defendant" or "Bausch & Lomb") files its Original Answer to Plaintiff's Original Petition as follows:

### GENERAL DENIAL

1.      Defendant Bausch & Lomb denies each and every, all and singular, the allegations of Plaintiffs' Original Petition and demands strict proof thereof pursuant to Rule 92 of the Texas Rules of Civil Procedure.

2.      Defendant Bausch & Lomb gives notice that it intends to rely on such defenses as may become available or apparent during discovery proceedings. Defendant Bausch & Lomb reserves the right to amend its answer.

### AFFIRMATIVE AND OTHER DEFENSES

3.      Plaintiffs' Petition fails to state a claim against Bausch & Lomb upon which relief can be granted.

4.      Bausch & Lomb states that the contact lenses and lens solutions that it designs, manufactures, and distributes are free from all defects at the time they leave the care, custody, and control of Bausch & Lomb and are reasonably fit for their intended and reasonably anticipated use and were marketed with adequate and sufficient warnings.

242810v1

5. If Bausch & Lomb is deemed to be the manufacturer of the subject contact lenses and/or lens solution, either factually or legally, then Bausch & Lomb would show at the time the contact lenses and/or lens solution left its care, custody, and control, Bausch & Lomb did not know and, in light of then-existing, reasonably available scientific and technological knowledge, could not have known of the design characteristic that allegedly caused Plaintiffs' alleged loss and/or damage or the danger of such characteristic, nor could Bausch & Lomb have known of any alternative design that may be identified by Plaintiffs.

6. The contact lenses and/or lens solutions of which Plaintiffs complain complied with state-of-the-art technology at the time of manufacture and at the time of original retail sale.

7. Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

8. Plaintiffs' claims may be barred, in whole or in part, by the applicable statute(s) of limitations and/or repose.

9. Plaintiffs' claims are preempted, in whole or in part, by federal law. The Petition, therefore, fails to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

10. All contact lenses and lens solutions designed, manufactured, and distributed by Bausch & Lomb meet all applicable Food and Drug Administration standards.

11. The conduct of Bausch & Lomb and the subject product conformed with the Federal Food, Drug, and Cosmetic Act and the requirements of the Food and Drug Administration. Moreover, the activities of Bausch & Lomb alleged in the Petition conformed

242810v1

with state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time alleged in the Petition.

12.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention, in that the common law gives deference to discretionary actions by the United States Food and Drug Administration pursuant to the Food, Drug and Cosmetic Act.

13.    Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of Torts: Product Liability § 4, *et seq.*, because ReNu® with MoistureLoc® complied with applicable product safety statute and administrative regulations.

14.    At all relevant times during which the product was designed, developed, manufactured and sold, the product was reasonably safe and reasonably fit for its intended use, was not defective or unreasonably dangerous, and was accompanied by proper warnings, information, and instructions, all pursuant to generally recognized prevailing industry standards and the state-of-the-art in existence at the time.

15.    Bausch & Lomb believes, and upon that ground alleges, that Plaintiffs were advised of the risks associated with the matters alleged in the Petition and knowingly and voluntarily assumed them. Pursuant to the doctrines of primary and secondary assumption of the risk or informed consent, this conduct bars in whole or in part the damages that Plaintiffs seek to recover herein.

16.    The injuries and damages claimed by Plaintiffs, if any, may have resulted from an intervening cause or causes, and any action on the part of Bausch & Lomb was not the proximate or competent producing cause of Plaintiffs' alleged injuries.

17.     Plaintiffs' claims may be barred, in whole or in part, from recovery by Plaintiffs' misuse and/or abuse of the allegedly defective contact lens solution, and/or by Plaintiffs' otherwise contributorily or comparatively negligent conduct.

18.     Plaintiffs' claims may be barred, in whole or in part, as a result of any alteration made in the allegedly defective contact solution.

19.     Plaintiffs' claims may be barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

20.     Plaintiffs' claims may be barred, in whole or in part, from recovery on the grounds that they are subject to the defense of accord and satisfaction.

21.     Plaintiffs' claims may be barred, in whole or in part, from recovery by the doctrine of unclean hands.

22.     Plaintiffs' claims may be barred, in whole or in part, from recovery due to spoliation of evidence.

23.     Plaintiffs' breach of warranty claims are barred because there is no privity of contract between Plaintiffs and Bausch & Lomb; Plaintiffs failed to give timely notice of any alleged breach of warranty to Bausch & Lomb; Plaintiffs did not reasonably rely upon any alleged warranty; Plaintiffs failed to satisfy all conditions precedent or subsequent to the enforcement of any such warranty; and the warranties were appropriately disclaimed, excluded or modified.

24.     Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case

because Bausch & Lomb's commercial speech regarding the device at issue was neither false nor misleading.

      25.    Bausch & Lomb reserves its right to make a written election of credit for settlements under the applicable law.

      26.    Bausch & Lomb pleads the affirmative defense of comparative negligence pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code.  Any and all damages alleged by Plaintiffs were caused in whole or in part by the comparative negligence of Plaintiffs or other parties over whom Bausch & Lomb had no control.

      27.    Bausch & Lomb further asserts that Plaintiffs' claims for punitive damages are barred pursuant to § 41.003 *et. seq.* of the Texas Civil Practice and Remedies Code.

      28.    Bausch & Lomb further asserts that Plaintiffs failed to mitigate their damages.

      29.    Bausch & Lomb denies that Plaintiffs are entitled to recover punitive damages in this case since Bausch & Lomb's conduct demonstrated reasonable care.  To recover punitive damages, Plaintiffs must establish an actual or constructive intent to harm based upon conscious indifference to the creation of a high probability of harm.  An intent to injure, actual or constructive, is completely absent in this case.

      30.    Bausch & Lomb further states that the correct standard for submitting their burden of proof for punitive damages is "clear and convincing evidence."  Any lesser standard is in violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution.

      31.    Plaintiffs' Petition, to the extent it seeks punitive or exemplary damages, violates Bausch & Lomb's right to protection from excessive fines as provided in the Eighth

5

Amendment of the United States Constitution, and violates Bausch & Lomb's rights to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Texas, and therefore fails to state a claim upon which either punitive or exemplary damages can be awarded.

32.     Any award of punitive damages is barred unless subject to a predetermined limit, such as a maximum multiple of compensatory damages or a total maximum amount.

33.     Punitive damages are barred under the common law and public policies of the State of Texas.

34.     The Sixth Amendment to the United States Constitution and equivalent protections provided by the Constitution of Texas prohibit any award of punitive damages unless there is a unanimous verdict.

35.     Bausch & Lomb did not act with actual malice, and any award of punitive damages is therefore barred.

36.     No act or omission of Bausch & Lomb was done with reckless indifference or reckless disregard toward the rights or safety of others, and therefore any award of punitive damages is barred.

37.     Plaintiffs must prove each and every element of a punitive damage award beyond reasonable doubt.

38.     Plaintiffs' claim for punitive damages contravenes the rights of Bausch & Lomb under each of the following constitutional provisions:  the Due Process Clause and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Equal

6

Protection Clause and Due Process Clause of the Fourteenth Amendment of the United States

Constitution; the Constitution of the State of Texas; and the laws, statutes, rules, and policies of

those states given the circumstances of this litigation, including but not limited to:

    (a)    imposition of punitive damages by a jury which

        (1)    is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

        (2)    is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

        (3)    is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, or state of residence of any defendant;

        (4)    is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

        (5)    is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

    (b)    imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

    (c)    imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of Bausch & Lomb has been found on the merits;

    (d)    imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Bausch & Lomb's conduct in connection with the sale of the products alleged in this litigation, or in any other way subjecting Bausch & Lomb to impermissible multiple punishment for the same alleged wrong.

7

39.    With respect to Plaintiffs' demands for punitive or exemplary damages, Bausch & Lomb specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation which arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 530 U.S. 408 (2003).

40.    Pleading further to the Court, without waiving the foregoing, and only in the unlikely event that any issue of exemplary damages against Bausch & Lomb may be allowed to proceed to the jury and/or be awarded against it, Bausch & Lomb invokes the limitation on exemplary damages required by § 41.001 *et seq.* of the Texas Civil Practice and Remedies Code.

41.    Plaintiffs' claim for punitive damages cannot be sustained to the extent it seeks to punish Bausch & Lomb for alleged harm to non-parties and/or persons who are not before the court. Imposition of punitive damages under such circumstances would violate Bausch & Lomb's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and Bausch & Lomb's due process and equal protection rights under cognate provisions of the Texas Constitution, and would be improper under the common law and public policies of the United States and State of Texas.

42.    Plaintiffs' claims are barred, in whole or in part by Texas' Products Liability Act, and Bausch & Lomb is entitled to and does assert all defenses and presumptions available under Chapter 82 of the Texas Civil Practice and Remedies Code.

43.    Plaintiffs' claims are barred by failure to provide Bausch & Lomb notice pursuant to §17.505(a) of the Texas Business and Commercial Code.

242810v1

44. Bausch & Lomb hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during discovery proceedings. Bausch & Lomb reserves the right to amend its answer and to further assert affirmative defenses.

242810v1

9

**WHEREFORE, PREMISES CONSIDERED,** Defendant BAUSCH & LOMB

INCORPORATED respectfully requests:

(a)     that Plaintiffs take nothing by reason of their claim and that Defendant BAUSCH & LOMB INCORPORATED recover its costs; and

(b)     such other and further relief to which Defendant BAUSCH & LOMB INCORPORATED may be justly entitled.

Respectfully submitted,

*Lynnea Myers*

Elmore James Shepherd
State Bar No.24008025
Lynnea Myers
State Bar No. 24046504
Nan Leverett
State Bar No.24041335
SHOOK, HARDY & BACON L.L.P.
600 Travis Street, Suite 1600
Houston, Texas 77002
Telephone:  (713) 227-8008
Facsimile:  (713) 227-9508

**ATTORNEYS FOR DEFENDANT
BAUSCH & LOMB INCORPORATED**

242810v1

10

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Original

Answer of Defendant BAUSCH & LOMB INCORPORATED has been served on counsel for

Plaintiffs by certified mail, return receipt requested, on this 13th day of April, 2007.

William B. Coffey Jr.
2390 Eastex Freeway, Ste. 100
Beaumont, Texas 77703
*Attorneys for Plaintiff*

Lynnea Myers
Lynnea Myers